11-3108-ag
Shcherbenko v. Holder

BIA
Vomacka, IJ
A089 250 256
A089 250 257

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of June, two thousand twelve.

PRESENT:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

NATALIA SHCHERBENKO, MERVAN SULEYMAN KIZGIN,
> *Petitioners,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

11-3108-ag

NAC

_____

FOR PETITIONERS:      H. Raymond Fasano, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Benjamin J. Zeitlin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Natalia Shcherbenko, a native of Kazakhstan and citizen of Russia, and her husband Mervan Suleyman Kizgin, a native and citizen of Turkey, seek review of a July 13, 2011, order of the BIA, affirming the November 13, 2009, decision of Immigration Judge ("IJ") Alan Vomacka, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Natalia Shcherbenko*, *Mervan Suleyman Kizgin,* Nos. A089 250 256/257 (B.I.A. July 13, 2011), *aff'g* Nos. A089 250 256/257 (Immig. Ct. N.Y. City Nov. 31, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions, including the portions of the IJ's decision not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For an application like

Petitioners', governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence.

In finding Shcherbenko not credible, the agency reasonably relied on the omission of her August 2005 attackers' identity from her asylum statement. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008) (providing that, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent"). As the agency noted, Shcherbenko testified that members of the Russian Nationality Unity Party ("RNU") attacked a baptism ceremony in August 2005 but did not indicate that the attackers were RNU members in her asylum statement. While this omission does not necessarily go to the heart of

3

Shcherbenko's claim, it was nevertheless a proper basis for the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167 (holding that "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible" (emphasis in original)).

The IJ also reasonably relied on inconsistencies between Shcherbenko's testimony and her friends' and pastor's letters in finding her not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As the agency noted, Shcherbenko testified that she and her friends Nina, Olga, and Alexis (a male) were attacked in March 2007 by orthodox extremists with a bicycle chain; Nina's letter, however, failed to mention the incident, Olga's letter did not mention a bicycle chain, Shcherbenko's pastor's letter referred only to girls being present, and Maria's letter indicated that she was also present. Although Shcherbenko argues that Olga's failure to mention the bicycle chain in the attack and her pastor's reference to only girls being present do not constitute inconsistences, where, as here, the agency's inference "is tethered to the evidentiary record, we will

4

accord deference to the finding." *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (noting that "support for a contrary inference-even one more plausible or more natural-does not suggest error"). Moreover, Shcherbenko fails to address Nina's omission of the attack from her letter, Maria's statement that she was present during the 2007 incident, or the additional inconsistency between Shcherbenko's testimony and her pastor's letter regarding whether gunshots were fired, which in itself stands as a valid basis for finding that the agency's adverse credibility determination is supported by substantial evidence. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." (internal quotation marks omitted)); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

Having found Shcherbenko not credible, the agency reasonably noted that her failure to provide corroborating evidence further undermined her credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (providing that "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony

5

is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee"). We have recognized that an applicant's failure to corroborate her testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Here, the agency reasonably relied on Shcherbenko's failure to present corroborating evidence regarding her church attendance in the U.S and her medical and dental treatments in Russia. While Shcherbenko testified that her mother was unable to obtain her dental records in Russia, which were only kept for one year, the IJ reasonably found her explanation unconvincing because her mother's letter made no reference to any attempt to obtain the records. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). *Cf. Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an agency need not credit an applicant's

6

explanations for inconsistencies in the record unless those explanations would compel a reasonable fact-finder to do so).

Although Shcherbenko contends that the BIA erred by failing to assess whether her allegations of past mistreatment, if credible, rose to the level of persecution, the agency had no obligation to do so given the adverse credibility determination. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("[a]s a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach"). Lastly, Shcherbenko's argument that the agency placed excessive reliance on the U.S. Department of State reports is misplaced. A review of the record does not reflect that the agency relied excessively on the State Department reports or ignored any contrary evidence, particularly given the IJ's extensive discussion of the evidence and explicit statement that he had read through all of the country conditions evidence. *See Tian-Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir. 2004); *see also Xiao Ji Chen*, 471 F.3d at 337 n.17 (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

7

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk